IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

   Plaintiff,

v.                Criminal No. 5:94-cr-96
                   (Judge Stamp)

PAUL A. LEE,

   Defendant.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR REDUCTION OF SENTENCE

On September 26, 2005, the *pro se* defendant Paul A. Lee, filed a Motion Pursuant to 18 U.S.C. § 3582(c)(2) for Reduction of Sentence. By Order entered October 6, 2005, the motion was referred to the undersigned for a report and recommendation. Therefore, on March 29, 2006, I directed the United States to file a response to the motion. The United States did so on April 24, 2006 and the defendant filed a reply on May 3, 2006. Accordingly, this case is ripe for review.

In his motion for reduction of sentence, the defendant asserts that his sentence should be reduced in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). However, the Court is only allowed to modify a sentence in limited circumstances. Specifically, 18 U.S.C. § 3582(c)(2) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the

> Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)[1] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, the Court is precluded from modifying the defendant's sentence under 18 U.S.C. § 3582(c)(2) because there has been no amendment to the sentencing guidelines which would justify a sentence reduction. The Booker decision was not a decision from the Sentencing Commission, but a decision from the Supreme Court. In addition, Booker does not apply retroactively. See United States v. Morris, 429 F.3d 65 (2005). Thus, the defendant is not entitled to have Booker applied retroactively to his sentence.

Moreover, the defendant appears to argue that his exceptional program achievement, job

---

[1] 18 U.S.C. § 3553(a) states that the court shall consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

performance, and exemplary conduct during incarceration, should also be considered to reduce his sentence. However, exceptional program achievement, job performance, or other exemplary institutional conduct is simply not grounds for granting a reduction in sentence under § 3582.

Thus, for the foregoing reasons, the undersigned recommends that the Court deny the defendant's Motion for Reduction of Sentence. (Doc. 66).

Any party may file within ten (10) days after being served with a copy of this opinion with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and any counsel of record.

DATED: May 19, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE