IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL A. LEE,**

        Petitioner,

v.                                        Civil Action No. 5:06cv161
                                          Criminal Action No. 5:94cr96
                                          (Judge Stamp)

**UNITED STATES OF AMERICA,**

        Respondent.

## REPORT AND RECOMMENDATION AND HILL v. BRAXTON NOTICE

On December 18, 2006, the *pro se* petitioner filed a Petition for Immediate Release under 28 U.S.C. § 2255. This case is before the undersigned for a preliminary review and report and recommendation pursuant to Standing Order No. 4 and LR PL P 83.15, et seq. Upon a preliminary review of the petition, it appears that Petitioners' motion is untimely.

### I. One-Year Time Limitation

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

    (1)     the date on which the judgment of conviction becomes final;

    (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## II.  Hill v. Braxton

When a federal habeas court perceives a § 2255 motion to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn Petitioner that the case is subject to dismissal pursuant to § 2255 absent a sufficient explanation. See United States v. Sosa, 364 F. 3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

## III.  Analysis

On November 16, 1994, Petitioner pled guilty to one count conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 and two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Petitioner was sentenced on January 30, 1995 to a term of 200 months incarceration.  Petitioners' appeal was docketed by the Fourth Circuit Court of Appeals on March 8, 1995, but was dismissed upon Petitioner's motion on May 18, 1995. Therefore, Petitioner's conviction and sentence became final prior to the effective date of AEDPA. As such, Petitioner had one-year from the statute's effective date, or until April 23, 1997, to timely file a § 2255 motion.  See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).  Because Petitioner did not file his petition until December 18, 2006, well after the statute of limitations had already expired, his § 2255 motion appears to be untimely.

## IV.  Conclusion

Pursuant to Hill v. Braxton, Petitioner is warned that his § 2255 motion will be recommended for dismissal unless he can demonstrate that he is entitled to have the statute of limitations equitably tolled and/or that his motion is timely filed.  Consequently, Petitioner has **thirty (30) days** from this date to file any response he may have to this Order.  The failure to so respond, or to sufficiently explain why this case should not be dismissed, will result in a recommendation that Petitioners' § 2255 motion be dismissed as untimely.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner and counsel of record, as applicable.

DATED: December 21, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE