IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Criminal No. 5:94CR96
                                      (JUDGE STAMP)

PAUL A. LEE,

        Defendant.

**REPORT AND RECOMMENDATION THAT MOTION FOR
RECONSIDERATION AND PETITION FOR IMMEDIATE RESENTENCING BE
DENIED, THAT CLERK BE DIRECTED TO FILE ANY OBJECTIONS TO THIS
REPORT AND RECOMMENDATION BUT NOT TO FILE ANY OTHER  PLEADINGS
RECEIVED FROM PAUL A. LEE UNTIL RECEIVING AN ORDER FROM THE
UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT ALLOWING
PETITIONER TO FILE A SUCCESSIVE § 2255 MOTION**

## I.  PROCEDURAL HISTORY

On May 8, 2006, Petitioner filed a Motion for Reconsideration of Rule 60(b).  On March 7,

2007 Petitioner filed a Petition for Immediate Resentencing Pursuant U.S.S.G. 5D1.2(a).  On

October 6, 2005, the Honorable Frederick P. Stamp, Jr., District Judge, referred this action to me

to recommend disposition of all matters filed therein.

On November 16, 1994, Petitioner pleaded guilty to one count of conspiracy to possess with

intent to distribute crack cocaine in violation of 21 U.S.C. 846 and two counts of distribution of

crack cocaine in violation of 21 U.S.C. 841(a)(1).  Lee was sentenced on January 30, 1995 to 200

months imprisonment on each count, to run concurrently and eight (8) years of supervised release.

Additionally, on January 30, 1995, Petitioner's supervised release on a prior conviction

(5:89CR273) was revoked and the court sentenced Petitioner to fourteen (14) months incarceration

to be served consecutively to the 200 month sentence imposed in criminal action 5:94CR96.

## II.  MOTION FOR RECONSIDERATION

In his Motion for Reconsideration, Petitioner requests that the ruling on his Motion for Relief of Judgment Pursuant to Rule 60(b)(4) be reconsidered under the holding of Castro v. United States, 540 U.S. 375 (2003).  In that case, the Supreme Court held a district court which recharacterizes a pro se defendant's motion as a **FIRST** motion to vacate must notify defendant of what it intends to do, warn defendant that this recharacterization means any second or successive motion is subject to restrictions and give defendant an opportunity to withdraw or amend the motion.  Petitioner's Motion for Relief of Judgment was not his first Motion to Vacate and Castro has no applicability. Therefore, I recommend the Motion to Reconsider be **DENIED**.

## III.  PETITION FOR IMMEDIATE RESENTENCING

In his Petition for Resentencing, Petitioner requests the term of his supervised release be reduced to six (6) years.  In the next sentence, petitioner requests that his supervised release term be five (5) years.  In support of his petition, Petitioner relies upon U.S.S.G. 5D1.2(a).

21 U.S.C. § 841(b)(1)(B) provides in pertinent part for a **SECOND** offense that when a sentence of imprisonment is imposed the court must " . . .  impose a term of supervised release of at least eight (8) years in addition to such term of imprisonment."  Petitioner was sentenced pre-Apprendi under 21 U.S.C. § 841(b)(1)(B).

18 U.S.C. 3583(a) and U.S.S.G. §5D1.2(a) provide for a term of supervised release of at least three (3) years but not more than five (5) years for a Class A or B felony.  §5D1.2(a) of the sentencing guidelines also provides the term of supervised release is except as provided for in Sections (b) and (c).  Section (c) provides that the term of supervised release shall not be less than any statutorily required term of supervised release.

In <u>United States v. Pratt</u>, 239 F.3d 640, 647 (4th Cir. 2001) the Fourth Circuit Court of Appeals held that § 3583 does not cap the period of supervised release that a district court may impose when the statutory minimum is the same as or exceeds the maximum periods provided in § 3583.

The district court was required to impose an eight (8) year term of supervised release as the minimum period of supervised release provided by statute.

Therefore, I recommend the petition for immediate resentencing be **DISMISSED**.

## IV. PETITIONER'S MULTIPLE SUCCESSIVE § 2255 MOTIONS TITLED AS OTHER MOTIONS AND PETITIONS

This is the twelfth petition or motion filed by Petitioner to have his sentence vacated or reduced that he has filed in criminal action no. 5:94CR96.

1. On June 13, 2995, Petitioner filed a Petition under 28 U.S.C. § 2255 regarding his sentence in this action. The court dismissed the Petition May 22, 1996. Case No. 5:95CV76.

2. On July 23, 1999, Petitioner filed another Petition under 28 U.S.C. § 2255. The court dismissed the Petition February 28, 2000. Case No. 5:99CV94.

3. On August 23, 2000, Petitioner filed a motion pursuant to 28 U.S.C. § 2254. The court denied the Petition September 27, 2001. Case No. 5:00CV143.

4. On May 2, 2001, Petitioner filed a Motion for Relief from Judgment pursuant to Rule 60b4. The court denied the motion January 15, 2002.

5. On August 31, 2001 Petitioner filed a supplemental memorandum pursuant to his 28 U.S.C. § 2254. Case No. 5:00CV143. The court dismissed the petition September 27, 2001.

6. On December 20, 2001, petitioner filed a Petition for Writ of Error Coram Nobis. The petition was dismissed June 19, 2002. Case No. 5:01CV149.

7. On February 19, 2002, Petitioner filed a Motion to Compel the Defendant to Answer Administrative Remedy Pursuant to Title V 552a. The court denied the motion November 22, 2002.

8. On February 19, 2002, Petitioner filed a Motion for Modification of Sentences Pursuant to 18 U.S.C. § 3742. The court denied the motion November 22, 2002.

9. On May 21, 2003, Petitioner filed Motion for Abeyance to Correct Sentence. The court denied the motion June 24, 2003.

10. On June 23, 2005, the United States Court of Appeals for the Fourth Circuit denied Petitioner's Motion to File a Successive Application for Relief.

11. On September 26, 2005 Petitioner filed a Motion to Reduce Sentence which is pending before the district court.

12. On May 8, 2006, Petitioner filed a Motion for Reconsideration which is one of the subjects of this Report and Recommendation.

13. On March 27, 2007, Petitioner filed a petition for immediate resentencing pursuant to U.S.S.G. 5D1.2(a) which is one of the subjects of this Report and Recommendation.

The net effect is that Petitioner has filed an original § 2255, and 11 successive § 2255's and one request to file a successive petition which have all been denied. To say that Petitioner is abusing the system is a mild understatement.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) a person may not file a second or successive § 2255 motion without receiving permission from the appropriate court of appeals. In re: Vial, 115f 3d 1192, 1194 (4th Cir. 1997).

Accordingly, I recommend the Clerk be directed to file any objections to this Report and Recommendation but not to file any other pleading from Petitioner until this court receives an order

from the United States Court of Appeals for the Fourth Circuit authorizing Petitioner to file a successive § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to all parties appearing herein.

DATED:  March 13, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE