IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:94CR96
                                                    (STAMP)

PAUL A. LEE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAY 19, 2006 REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
AFFIRMING AND ADOPTING MARCH 7, 2007 REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
AFFIRMING AND ADOPTING MARCH 13, 2007 REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING PETITION FOR MERCY OF THIS HONORABLE COURT
OR ALTERNATIVE WRIT OF *ADUITA QUERELA*,
DENYING PETITION TO UNSEAL
PRE-INDICTMENT FIRST AMENDMENT,
DENYING MOTION TO PETITION THIS COURT TO CONSIDER
*UNITED STATES v. McGEE*, 2ND CIRCUIT NO. 08-1619,
DENYING MOTION PURSUANT TO RULE 35
TO CORRECT ILLEGAL SENTENCE AND
DENYING PETITION FOR RECONSIDERATION**

I.   Background

On November 6, 1994, the defendant, Paul A. Lee, pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendant was sentenced to 200 months imprisonment on each count, to run concurrently, and eight (8) years of supervised release. Currently pending before this Court are several motions filed by the defendant, as well as outstanding

report and recommendations issued by the magistrate judge. This Court discusses each of these documents in turn.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of a magistrate judge's recommendation to which objection is timely made. However, failure to file objections to a magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will undertake a <u>de novo</u> review of those reports and recommendations to which the defendant filed objections.

## III. Discussion

A. <u>May 19, 2006 Report and Recommendation</u>

The defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of sentence. This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation. In response to a show cause order, the government filed a response to which the defendant replied. The magistrate judge issued a report and recommendation recommending that the defendant's motion for reduction of sentence be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed

2

findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The defendant filed objections. For the reasons set forth below, this Court finds that the recommendation of the magistrate judge should be affirmed and adopted in its entirety.

Under limited circumstances, a court can modify a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(2). A court may modify a sentence issued under the Sentencing Guidelines if the Sentencing Commission lowers the Guideline range under which the prisoner was sentenced.

Specifically, 18 U.S.C. § 3582 states, in pertinent part:

> (c) **Modification of an imposed term of imprisonment.** The Court may not modify a term of imprisonment once it has been imposed except that --
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The defendant argued that his sentence should be reduced pursuant to 18 U.S.C. § 3582 and United States v. Booker, 543 U.S. 220 (2005). The magistrate judge correctly stated that this Court is precluded from modifying the defendant's sentence under § 3582 because there is no change in the Sentencing Guidelines which would justify a sentence reduction. The magistrate judge noted that the

Supreme Court's decision in <u>Booker</u> is not a reduction of the Guideline sentences by the Sentencing Commission. <u>Booker</u>, 543 U.S. at 259; <u>United States v. Price</u>, 483 F.3d 1005, 1007 (10th Cir. 2006). Rather, the Supreme Court's decision rendered the Sentencing Guidelines advisory instead of mandatory. <u>Booker</u>, 543 U.S. at 259. In addition, the defendant's conviction became final pre-<u>Booker</u>, and under Fourth Circuit law, <u>Booker</u> is not retroactive. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, <u>Booker</u> does not apply to the defendant's sentence.

<u>Tillitz v. United States</u>, 2005 WL 2921957, slip op. at 6 (W.D. Wash. Nov. 3, 2005), held that 18 U.S.C. § 3582(c)(2) does not authorize the court to reduce an imprisonment based upon a Supreme Court decision. Moreover, the defendant's § 3582 motion fails to satisfy the requirements of 18 U.S.C. § 3582 because <u>Booker</u>, even if assumed to be applicable, did not lower the Sentencing Guidelines. <u>United States v. Irick</u>, No. 5:97-0567, 2005 U.S. Dist. Lexis 30243 at *2 (D.S.C. Feb. 24, 2005), <u>aff'd</u>, 142 F. App'x 758 (4th Cir. 2005). Based upon the above-stated facts, the defendant cannot obtain relief under § 3582(c)(2).

Accordingly, this Court finds that the defendant's § 3582 motion must be denied, and the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

B.  <u>March 7, 2007 Report and Recommendation</u>

The defendant filed a petition pursuant to 28 U.S.C. § 2255 for immediate release.  The magistrate judge issued a report and recommendation and a <u>Hill v. Braxton</u> notice, warning the defendant that his § 2255 petition would be recommended for dismissal for untimeliness unless he could demonstrate that he was entitled to have the statute of limitations equitably tolled or that his motion was timely filed.  The defendant thereafter filed a response titled "Petitioner § 2255 Should Not Be Filed Untimely."  However, finding that the defendant failed to allege any extraordinary circumstances beyond his control which caused him to file the petition after the expiration of the statute of limitations, the magistrate judge entered a second report and recommendation, recommending that the defendant's petition be dismissed.  Further, the magistrate judge recommended that the defendant's's motion for order to show cause requiring the government to respond to specific allegations of his § 2255 petition be denied as moot.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The defendant filed objections.  For the reasons set forth below, this Court finds that the recommendation of the magistrate judge should be affirmed and adopted in its entirety.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the defendant's § 2255 petition be denied. Specifically, the magistrate judge applied the statute of limitations to the present case and found that the defendant failed to file his federal habeas petition in a timely manner. Rather, the magistrate judge found the defendant's federal habeas petition untimely because the defendant filed the petition on December 18, 2006, almost ten years after the defendant's time to file a federal habeas petition expired on April 23, 1997. The magistrate judge also found that the defendant is not entitled to equitable tolling based on allegations that he filed his petition

6

within one year of when he knew or could have known the government was not doing what it said it would do.

Based upon a de novo review, this Court finds no error in the position of the magistrate judge that the defendant's § 2255 application is untimely and that the facts alleged by the defendant do not support equitable tolling. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred defendant must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. In this case, the defendant has failed to establish "extraordinary circumstances" beyond his control that made it impossible for him to file a petition on time. Accordingly, following review of the record and the parties' pleadings, this Court finds no error in the magistrate judge's recommendations. This Court concludes, therefore, that the magistrate judge's recommendations concerning the defendant's § 2255 petition and order to show cause should be affirmed and adopted.

C. March 13, 2007 Report and Recommendation

The defendant filed a "Motion for Reconsideration of Rule 60(b)," as well as a "Petition for Immediate Resentencing Pursuant

7

U.S.S.G. 5D1.2(a)." Magistrate Judge Seibert issued a report and recommendation recommending that both the defendant's motion for reconsideration and petition for immediate resentencing be denied.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the recommendation of the magistrate judge should be affirmed and adopted in its entirety.

In his motion for reconsideration, the defendant requests that this Court reconsider its January 15, 2002 order accepting and adopting the magistrate judge's report and recommendation under the holding in <u>Castro v. United States</u>, 540 U.S. 375 (2003). In that case, the Supreme Court held that

> when a court recharacterizes a <u>pro se</u> litigant's motion as a <u>first</u> § 2255 motion . . . the district court must notify the <u>pro se</u> litigant that it intends to recharacterize the pleading, warn the litigant that his recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

<u>Id.</u> at 383 (emphasis added). Because the defendant's motion for relief of judgment was not his first motion to vacate, the magistrate judge held that <u>Castro</u> has no applicability and that his motion to reconsider be denied.

In his petition for immediate resentencing, the defendant requests that his eight-year term of supervised release be reduced to a term of five or six years pursuant to U.S.S.G. § 5D1.2(a). The magistrate judge noted, in his report and recommendation, that 21 U.S.C. § 841(b)(1)(B) provides, in pertinent part, that for a second offense, when a sentence of imprisonment is imposed, the court must ". . . impose a term of supervised release of at least eight (8) years in addition to such term of imprisonment."[1] Further, the magistrate judge recognized that 18 U.S.C. § 3583(a) and U.S.S.G. § 5D1.2(a) provide for a term of supervised release of at least three (3) years but not more than five (5) years for a Class A or B felony. While U.S.S.G. § 5D1.2(a) provides for the term of supervised release in most situations, U.S.S.G. § 5D1.2(c) provides that the term of supervised release shall not be less than any statutorily required term of supervised release. Here, the district court was required to impose an eight-year term of supervised release as the minimum period provided by statute. Thus, the magistrate judge recommended that the defendant's petition for immediate resentencing be dismissed.

This Court finds no clear error in the magistrate judge's report and recommendation concerning either the defendant's motion for reconsideration or petition for immediate resentencing.

---

[1] The defendant was sentenced pre-<u>Apprendi</u> under 21 U.S.C. § 841(b)(1)(B).

Accordingly, this Court concludes that the magistrate judge's recommendations be affirmed and adopted.

D.  <u>Motion Pursuant to Rule 35 to Correct Illegal Sentence</u>

The defendant has filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure to correct illegal sentence. In this motion, the defendant argues that the district court erred in determining that he is a career offender.

Federal Rule of Criminal Procedure 35(b)(1) states:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

In applying this rule, courts have found that "[a] mere showing of substantial assistance by the defendant is not sufficient to support a reduction in the defendant's sentence without the filing of a motion by the government." <u>United States v. Marshall</u>, 197 F.R.D. 449 (D.C. Kan. 2000). The government has the discretion to file a Rule 35(b) motion, and a court may only review the government's refusal to do so for abuse of discretion if: (1) the government is obligated by a plea agreement to move for such a departure; or (2) the refusal was based on an unconstitutional motive, such as the defendant's race or religion. <u>United States v. Wallace</u>, 22 F.3d 84, 87 (4th Cir. 1994) (citing <u>Wade v. United States</u>, 504 U.S. 181 (1992)).

This Court acknowledges that the defendant has not asserted any argument of substantial assistance. However, because the

10

defendant nonetheless is requesting a reduction in sentence, this Court still construes the defendant's motion under Rule 35(b). This Court notes that the decision to make a Rule 35(b) motion lies solely with the government. Wade, 504 U.S. at 185; see also Fed. R. Crim. P. 35(b). Thus, the defendant has provided no grounds for relief under Rule 35 of the Federal Rules of Criminal Procedure, and the defendant's motion pursuant to Rule 35 to correct illegal sentence must be denied.

E. Petition for Reconsideration

The defendant filed a petition for reconsideration requesting this Court to reconsider its June 23, 2008 order denying the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). In this motion, the defendant argues that the court erred in determining that the defendant is a career offender.

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1989). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision. See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196

11

(S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaBland, 151 F.R.D. 678, 679 (D. Kan. 1993).

Upon review of the defendant's arguments, this Court finds no cause to reconsider its original order. This Court has not misapprehended the defendant's position or misinterpreted the applicable law in this case. Further, the defendant has not presented any new evidence to persuade this Court to alter its decision. Thus, the defendant's motion for reconsideration must be denied.

F. <u>Petition for Mercy of this Honorable Court or Alternative Writ of *Aduita Querela*, Petition to Unseal Pre-Indictment First Amendment, and Motion to Petition to Court to Consider *United States v. McGee*, 2nd Circuit No. 08-1619</u>

The defendant has filed a petition for mercy of this Honorable Court or Alternative Writ of <u>Aduita Querela</u>, a petition to unseal pre-indictment first amendment, and a motion to petition to court to consider <u>United States v. McGee</u>, 2nd Circuit No. 08-1619. Because the defendant is proceeding <u>pro se</u>, this Court must liberally construe the defendant's pleadings. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1971) (holding <u>pro se</u> complaint to less stringent standards than formal pleadings drafted by lawyers). After considering the defendant's motions and the applicable law, however, this Court finds the defendant's motions unintelligible.

The defendant does not make coherent factual allegations which give rise to a basis for relief which this Court has the authority to grant. Thus, these motions are denied as unintelligible and dismissed.

IV. Conclusion

For the reasons set forth above, the magistrate judge's May 19, 2006 report and recommendation is AFFIRMED and ADOPTED in its entirety; the magistrate judge's March 7, 2007 report and recommendation is AFFIRMED and ADOPTED in its entirety; the magistrate judge's March 13, 2007 report and recommendation is AFFIRMED and ADOPTED in its entirety; the defendant's motion pursuant to Rule 35 to correct illegal sentence is DENIED; the defendant's petition for reconsideration is DENIED; the defendant's petition for mercy of this Honorable court or alternative writ of aduita querela is DENIED; the defendant's petition to unseal pre-indictment First Amendment is DENIED; and the defendant's motion to petition this Court to consider United States v. McGee, 2nd Circuit No. 08-1619, is DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, to the extent that any of these matters are appealable, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Particularly, as to the defendant's § 2255 petition, upon reviewing the notice of

appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant by certified mail, to counsel of record herein, and to the Clerk, United States Court of Appeals for the Fourth Circuit, insofar as this memorandum opinion and order may relate to Case Number 09-1543.

DATED:   June 9, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE