IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Criminal Action No. 5:94CR96
                                             (STAMP)
PAUL A. LEE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PETITION FOR RECONSIDERATION TO UNSEAL
PRE-INDICTMENT FIRST AMENDMENT ISSUES,
DENYING MOTION TO FILE SECOND SUPPLEMENT,
DENYING MOTION TO RE-FILED [SIC] DEFENDANT'S
ORIGINAL SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2),
DENYING MOTION GRANTING DEFENDANT'S § 3582(c)(2) MOTION,
DENYING MOTION FOR RULE 55(a) DEFAULT JUDGMENT AND
DENYING AMENDED MOTION FOR RULE 55(a) DEFAULT JUDGMENT**

I.   Background

On November 6, 1994, the defendant, Paul A. Lee, pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendant was sentenced to 200 months imprisonment on each count, to run concurrently, and eight (8) years of supervised release. Currently pending before this Court are several motions filed by the defendant. This Court discusses each of these motions in turn.

II.   Discussion

A.   Petition for Reconsideration

The defendant filed a petition for reconsideration requesting this Court to reconsider its June 9, 2009 memorandum opinion and

order denying his petition to unseal the pre-indictment First Amendment issues. The government filed a response. The defendant thereafter filed a supplement, which this Court construes as a reply brief.[1]

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1989). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision. See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaBland, 151 F.R.D. 678, 679 (D. Kan. 1993).

---

[1] The defendant also filed a motion to file second supplement (Docket No. 152). Because this motion fails to add any additional information that is not addressed in the defendant's original petition for reconsideration and reply, it is denied.

2

Upon review of the defendant's arguments, this Court finds no cause to reconsider its original order. This Court has not misapprehended the defendant's position or misinterpreted the applicable law in this case. Further, the defendant has not presented any new evidence to persuade this Court to alter its decision.

The defendant's petition for reconsideration requests all information regarding alleged wiretapping that occurred in his criminal case pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"). The defendant bases this request on the First Amendment of the United States Constitution, and seems to contend that the government executed an unauthorized wiretapping interception in the investigation of his case. In his petition for reconsideration, the defendant also adds several arguments unrelated to his petition for Title III information, stating that both his Fourth and Sixth Amendment rights were violated.

As the government states in its response, however, the defendant's case was the product of consensual monitoring, and not by any wiretap. Such consensual monitoring does not violate Title III. See United States v. Apple, 915 F.2d 899, 907 n.16 (4th Cir. 1990) ("Consensual interceptions of communications are not covered under Title III."). The defendant has provided no further authority for which to base his petition for redress on the First Amendment.

Furthermore, the defendant has not stated how his Fourth or Sixth Amendment rights were violated. Accordingly, any redress under these Amendments must also fail. For these reasons, the defendant's petition for reconsideration is denied.[2]

B. <u>Motion to Refile</u>

Next, the defendant filed a motion to refile defendant's original sentence pursuant to 18 U.S.C. § 3582(c)(2). The government filed a response to which the defendant replied.[3]

On June 23, 2008, this Court entered an order denying the defendant's motion for reduction pursuant to 18 U.S.C. § 3582(c)(2). In that order, this Court held as follows:

> Amendment 706 to the Sentencing Guidelines generally reduced by two levels the base offense level for crack cocaine offenses in § 2D1.1(c) of the guidelines. See Amendment 706, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the guidelines, a requirement for retroactive amendments. Defendant Lee, however, is not eligible for a reduction of sentence pursuant to Amendment 706 and 18 U.S.C. § 3582(c)(2) because he was sentenced as a career offender. A career offender's base offense level is determined under U.S.S.G. § 4B1.1, not

---

[2]This Court does not address any implications under 28 U.S.C. § 2255, as set forth in the government's response to the defendant's petition for reconsideration.

[3]On October 19, 2009, the defendant filed a motion granting defendant's § 3582(c)(2) motion, arguing that because the government did not oppose his motion to refile his § 3582(c)(2) motion, that motion should be granted. The government filed a timely response, stating that it did file a response in opposition to the defendant's motion to refile on October 13, 2009. After a review of the docket, and as noted above, this Court finds that the government did respond to the defendant's motion to refile. Accordingly, the defendant's motion granting his § 3582(c)(2) motion is denied.

4

> by the amended U.S.S.G. § 2D1.1. Although the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1, the guideline that established defendant Lee's sentencing range. Defendant Lee has therefore not met the eligibility requirements for a reduction in his sentence.

(Or. Denying § 3582 Mot. at 2, June 23, 2008). Citing United States v. Knox, 573 F.3d 441 (7th Cir. 2009), and United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the defendant argues in his motion to refile that he is entitled to a full re-sentencing because he was sentenced under 21 U.S.C. § 846. This Court disagrees.

The defendant pleaded guilty to Count One, conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He also pleaded guilty to Count Fifteen, distribution of more than five grams of cocaine base, as well as Count Eighteen, possession with intent to distribute cocaine base of more than five grams of cocaine base, both in violation of 21 U.S.C. § 841(b)(1)(B). Both of these counts required imprisonment sentences of not less than five years but not more than forty years. The defendant was sentenced to 200 months imprisonment.

The defendant's assertion that his original guideline calculation was based on his conspiracy count in violation of 21 U.S.C. § 846 is incorrect. Rather, it was the defendant's guilty plea to Counts Fifteen and Eighteen, both of which carried minimum mandatory sentences, that created the defendant's advisory guideline range under U.S.S.G. § 4B1.1. Furthermore, the

defendant's reliance on Knox and Hicks is inapplicable. In Knox, the Court denied relief to two defendants because their pleas had been to minimum mandatory levels and not the general conspiracy statute. 573 F.3d at 447. The same holds true for defendant Lee. As to Hicks, the Fourth Circuit recently disavowed this case and rejected the right of the defendant to relitigate issues other than whether the amended guideline range changed the advisory guideline of a defendant. See United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009). Accordingly, the defendant's guideline range remains the same as it did at the time of conviction, he is not entitled to a reduction in his sentence, and his motion to refile must therefore be denied.

C. Motion for Default Judgment

Finally, the defendant has filed a motion for Rule 55(a) default judgment. In support of this motion, the defendant states that the government failed to file a response to the defendant's petition for reconsideration, discussed above.

This Court disagrees. On July 17, 2009, this Court entered an order in which it ordered the government to file a response to the defendant's petition on or before July 31, 2009. In compliance with this order, the government filed a timely response to the defendant's petition for reconsideration. Accordingly, the defendant's motion for default judgment is denied.[4]

---

[4]Thereafter, the defendant filed an amended motion for default judgment, which he admits are objections to the government's response to his petition for reconsideration. This motion does not

6

III. Conclusion

For the reasons set forth above, the defendant's petition for reconsideration to unseal pre-indictment First Amendment issues is DENIED; the defendant's motion to file second supplement is DENIED; the defendant's motion to re-filed [sic] defendant's original sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED; the defendant's motion granting defendant's § 3582(c)(2) motion is DENIED; the defendant's motion for Rule 55(a) default judgment is DENIED; and the defendant's amended motion for Rule 55(a) default judgment is DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, to the extent that any of these matters are appealable, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the defendant by certified mail and to counsel of record herein.

DATED:    December 8, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

provide any additional information that is not already before this Court, and therefore this motion is denied.