IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

     Plaintiff,

v.               Criminal Action Nos. 5:89CR273 and 5:94CR96
                         (Civil Action No. 5:99CV94)
PAUL A. LEE,                            (STAMP)

     Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REFILED [SIC] DEFENDANT ORIGINAL**
**28 U.S.C. § 2255 MOTION TO CORRECT, VACATE AND**
**SET ASIDE AN ILLEGAL SENTENCE AND SUPERVISED RELEASE**
**BASED ON SUPREME COURT RULING LINDH V. MURPHY**

I. Background

The pro se[1] defendant has filed a motion to refile his original 28 U.S.C. § 2255 motion to correct, vacate, and set aside an illegal sentence and supervised release based on the Supreme Court's ruling in Lindh v. Murphy, 521 U.S. 320 (1997). The government filed a response to which the defendant did not reply. For the reasons set forth below, the defendant's motion is denied.

II. Discussion

The defendant argues that in light of the Supreme Court's decision in Lindh, he should be allowed to refile his 28 U.S.C. § 2255 motion. This Court disagrees.

In Lindh, the Supreme Court addressed whether the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed 2009).

applied to habeas corpus cases pending at the time of the Act's enactment. 521 U.S. at 320. The Supreme Court held that the new provisions in the habeas corpus state created by AEDPA did not apply to pending noncapital cases. Lindh, 521 U.S. at 337. This ruling does not justify the defendant refiling a § 2255 motion more than twelve years after the Lindh ruling was decided.

Furthermore, this Court finds that the defendant, having been convicted in 1989 and 1994, would have had one year from April 23, 1996 within which to file a federal habeas corpus motion pursuant to the AEDPA provisions. The defendant's assertion that AEDPA did not apply when he filed his first § 2255 motion on July 23, 1997, is incorrect, as AEDPA applied as it was enacted in 1996. Accordingly, this Court finds no justification for allowing the defendant to refile his § 2255 motion.

### III. Conclusion

For the reasons set forth above, the defendant's motion to refile is hereby DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, to the extent that this matter is appealable, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within ten days after the date that the order in this case is entered. See Fed. R. App. P. 4(b)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    December 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
