IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Criminal Action No. 5:94CR96
                                                     (STAMP)
PAUL A. LEE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION REQUESTING PERMISSION TO
RE-FILE SECOND MOTION FOR RECONSIDERATION
PURSUANT TO RULE 59(e)**

I. Background

On November 6, 1994, the pro se[1] defendant, Paul A. Lee, pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendant was sentenced to 200 months imprisonment on each count, to run concurrently, and eight (8) years of supervised release. Currently pending before this Court is the defendant's motion requesting permission to re-file a second motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The government did not file a response. For the reasons set forth below, this Court denies the defendant's motion.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed 2009).

II. Discussion

"[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed." Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). However, a motion for rehearing or reconsideration in a criminal case extends the time for filing a notice of appeal if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n. 2 (1991).

The defendant requests to file a second motion for reconsideration, seeking reconsideration of this Court's June 9, 2009 memorandum opinion and order denying his petition to unseal the pre-indictment First Amendment issues.[2] Upon review of the defendant's arguments, this Court finds no cause to reconsider its original order. This Court has not misapprehended the defendant's position or misinterpreted the applicable law in this case. Further, the defendant has not presented any new evidence to persuade this Court to alter its decision. Thus, the defendant's motion requesting permission to re-file a second motion for reconsideration must be denied.

---

[2]On December 8, 2009, this Court entered a memorandum opinion and order denying the defendant's petition. The petition for reconsideration requested all information regarding alleged wiretapping that occurred in the defendant's criminal case pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"). The defendant's case, however, was the product of consensual monitoring, and not by any wiretap, which does not violate Title III. The defendant provided no further authority for which to base his petition for redress on the First Amendment.

### III. Conclusion

For the reasons set forth above, the defendant's motion requesting permission to re-file a second motion for reconsideration is DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, to the extent that this matter is appealable, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within ten days after the date that the order in this case is entered. See Fed. R. App. P. 4(b)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein.

DATED:     December 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE