IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                 Criminal Action Nos. 5:89CR273 and 5:94CR96
                                                            (STAMP)
PAUL A. LEE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING 14 AMENDMENT DUE PROCESS LIBERTY INTEREST MOTION
TO CONSTRUE PETITIONER'S PETITION TO 28 U.S.C. § 2241
AND TRANSFER TO NORTHERN DISTRICT OF OHIO**

I. Background

The _pro se_[1] defendant filed a motion entitled "14 Amendment Due Process Liberty Interest Motion to Construe Petitioner's Petition to 28 U.S.C. § 2241, and Transfer to Northern District of Ohio." In this motion, the defendant argues that his sentence was illegal and that the government failed to prove the elements of Count One of his indictment. (Def.'s Mot. 1-2.)

This Court directed the government to file a response. In this response, the government argues that because the defendant's motion attacks the validity of his sentence and his indictment, it should be characterized as a 28 U.S.C. § 2255 motion, rather than a 28 U.S.C. § 2241 motion. Further, the government contends that

---

[1] "_Pro se_" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed 2009).

the defendant's motion should be denied as a successive petition because the defendant has previously filed a § 2255 petition.[2]

The defendant filed a reply requesting that this Court transfer the defendant's motion to the Northern District of Ohio. Additionally, the defendant argues that he can raise his claims under § 2241, even though they are barred under § 2255.

The defendant then filed a "Response to United States in Document 134." In this reply, the defendant argues that the testimony of the drug agent violated his Sixth Amendment right to confront the witnesses against him. (Def.'s Resp. 1.) According to the defendant, his rights were violated when the Court allowed an agent (as opposed to a chemist) to lay the factual basis for the drug type covered by the defendant's plea. For the reasons set forth below, the defendant's motion is denied.

## II. Discussion

Although the defendant has couched his arguments in the form of a § 2241 motion, this Court construes it as a § 2255 motion because it attacks the validity of his sentence and his indictment. In general, a § 2241 habeas petition "attacks the execution of a sentence rather than its validity, whereas a § 2255 motion attacks

---

[2] In Criminal Action No. 5:89cr273, the defendant filed a § 2255 motion on June 13, 1995. In an order entered on June 27, 2005, the Fourth Circuit denied the defendant's motion to file a successive application for relief pursuant to 28 U.S.C. § 2244. This Court ordered the Clerk of the Court not to file any other pleadings received from the defendant in Criminal Action No. 5:94cr96 until receiving an order from the Fourth Circuit allowing the defendant to file a successive § 2255 motion. (Report and Recommendation 4-5.)

the legality of detention." Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009). Because the defendant argues that his sentence was illegal and that the government failed to prove the elements of Count One of his indictment, his motion is properly construed as a § 2255 motion.

Title 28, United States Code, § 2255 provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. A § 2255 petition is successive when the first petition was dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002). Additionally, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). In the absence of authorization from the court of appeals, "the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id.; see also Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

In this case, because the defendant's instant motion is a successive petition, he must obtain authorization from the United

States Court of Appeals for the Fourth Circuit in order for this Court to consider it. The defendant did not obtain such authorization; therefore, this Court lacks jurisdiction to consider the defendant's motion. Additionally, the defendant cannot invoke the "savings clause" in § 2255, which permits certain claims to be brought under § 2441 because the defendant has failed to demonstrate that § 2255 afforded an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.3d 1160, 1162 (9th Cir. 1988)). In this case, the defendant is unable to meet his burden of establishing that a § 2255 petition is inadequate or ineffective.

Even though this Court finds that it lacks jurisdiction to entertain the defendant's motion, it will address the defendant's Sixth Amendment argument. In his motion, the defendant objects to the use of agents' testimony at both of his plea hearings to lay the factual bases for the drug types covered by his plea. In support of his argument, the defendant references Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009), which held that "[t]he Sixth

Amendment does not permit the prosecution to prove its case via ex parte out-of-court affidavits." Id. at 2542.

Under the Sixth Amendment Confrontation Clause of the United States Constitution, "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him." U.S. Const. Amend. XI; see also Crawford v. Washington, 541 U.S. 36, (2004). However, the Sixth Amendment Confrontation Clause only applies to the rights of an accused in a criminal prosecution. The defendant has "no right to be confronted by witnesses when he enters a plea of guilty." Lam v. Peyton, 268 F.Supp. 253, 254 (D.C. Va. 1967). "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, 223 (1927); see also Boykin v. Alabama, 395 U.S. 238, 242 (1968) (holding that a guilty plea waives the right of confrontation). Because the defendant had no confrontation right at the plea hearings, his rights were not violated when the agent testified as to the factual basis for the drug type covered by the defendant's plea.

## III. Conclusion

For the reasons set forth above, the defendant's motion is hereby DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit,

5

to the extent that this matter is appealable, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty (30) days after the date that the order in this case is entered.  See Fed. R. App. P. 4(b)(1).

This Court finds that it is inappropriate to issue a certificate of appealability in this matter.  Specifically, the Court finds that the defendant has not made a "substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the defendant has not made the requisite showing.  Accordingly, the defendant is DENIED a certificate of appealability.

The defendant may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED: August 30, 2010

                                              <u>/s/ Frederick P. Stamp, Jr.</u>
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE