IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Criminal Action No. 5:94CR96
                                                        (STAMP)

PAUL A. LEE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RELIEF
UNDER A WRIT OF ERROR CORAM NOBIS,
DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING
AND DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL**

I. Background

On July 22, 2014, defendant acting pro se[1] in this criminal action filed the following motions: (1) a motion seeking a writ of error coram nobis under 28 U.S.C. § 1651, (2) a motion for an evidentiary hearing, and (3) a motion for appointment of counsel. See ECF No. 204. This Court then entered an order directing the government to respond to defendant's motion. ECF No. 205. The government filed its response, and the defendant subsequently filed a reply. ECF Nos. 207 and 208 (respectively). For the reasons stated below, this Court denies the defendant's motions.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

II. Discussion

A. Writ of Error Coram Nobis

On December 12, 1989, the defendant was indicted on four counts for the distribution of certain controlled substances. The defendant then pleaded guilty to Count Two of the indictment, which specifically charged him with the distribution of cocaine in the form of cocaine base in violation of 21 U.S.C. § 841(a). The defendant was sentenced to 24 months imprisonment, to be followed by five years supervised release. Following this, the defendant was then arrested on August 15, 1994, for the possession and distribution of controlled substances, and entered into another plea agreement and was sentenced to 200 months imprisonment, and an additional 14 months imprisonment for the violation of supervised release.

On September 14, 1994, the defendant was indicted on four counts for the distribution of certain controlled substances. The defendant then pleaded guilty to several counts. Most relevant here as discussed in his petition, defendant pleaded guilty to the following: (1) Count One to drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) Count Fifteen to drug distribution in violation of 21 U.S.C. § 841(a)(1); and (3) Count Eighteen to possession with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The defendant now requests that this Court enter a writ of error coram nobis based on what he believes are fundamental

2

errors regarding his plea and sentencing involving the 1994 indictment.

A court may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x 648, 649 (4th Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

The district court for the Eastern District of Virginia summarized what the defendant must show in order to obtain coram nobis relief as follows:

> (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to flow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not

errors regarding his plea and sentencing involving the 1994 indictment.

A court may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x 648, 649 (4th Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

The district court for the Eastern District of Virginia summarized what the defendant must show in order to obtain coram nobis relief as follows:

> (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to flow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not

challenging the error earlier, such as by direct appeal or § 2255 motion.

Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005) (citing Scates v. United States, 914 F.2d 249 (4th Cir. 1990); and Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

In defendant's petition, he asserts that Count One of his indictment, which was for conspiracy, fails to meet the requirements or elements of conspiracy. Specifically, he alleges that his conspiracy charge failed to name an unindicted co-conspirator, and that the alleged unindicted co-conspirator was never charged. Therefore, he argues that the conspiracy charge was legally insufficient because his conspiracy consisted of only himself, rather than at least two individuals.

This Court denies defendant's petition for several reasons. First, this Court finds that the alleged error is not fundamental and fails to constitute a basis for granting the defendant's motions seeking a writ of error coram nobis. Specifically, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy." United States v. Cloutier, CR No. 90-10040 MA, 1990 WL 150060 (D. Mass. Aug. 24, 1990); see United States v. Tavelman, 650 F.2d 1122, 1137 (9th Cir. 1981); United States v. Marble, 578 F.2d 151 (5th Cir. 1978). Further, "[c]ourts

4

do not require as detailed a statement of offenses's elements under a conspiracy count as under a substantive count." Tavelman, 650 F.2d at 1137 (internal citations omitted). As the above case law shows, defendant's claim of error lacks merit.

Even if this Court found the alleged error fundamental, the defendant fails to satisfy the necessary elements for granting a writ of error coram nobis. The defendant fails to articulate or demonstrate either that a different result would occur if indeed an error existed or that any adverse consequences continue to flow from the conviction. Further, the defendant fails to provide a "sound reason" for not challenging the error earlier. In his reply, defendant attempts to argue that ineffective assistance of counsel serves as his "sound reason." However, the defendant devotes only two sentences of his reply to this claim, and fails to explain why he did not allege such claim for the many years he was incarcerated under the charge. Because defendant fails to satisfy any of the necessary requirements, this Court denies his petition for a writ of error coram nobis.

B.  Motion for Evidentiary Hearing

It is generally within the sound discretion of the district court whether to hold an evidentiary hearing. United States v. Robinson, 238 F. App'x 954, 955 (4th Cir. 2007). However, when rulings depend on issues of credibility or when there are disputed facts "involving inconsistencies beyond the record, a hearing is

mandated." Id. The resolution of the defendant's action does not involve either resolving inconsistencies beyond the record or credibility issues. This Court was able to make the above findings based on the record itself. Therefore, this Court denies the defendant's motion for an evidentiary hearing.

C. <u>Motion to Appoint Counsel</u>

Federal courts have discretion in civil cases to request an attorney to represent an indigent party. See 28 U.S.C. § 1915(e)(1). However, such an appointment may be made only where the indigent party has shown particular need or circumstances. <u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975). After a review of the defendant's motions in this case, this Court finds that the defendant shows no particular need, as the issues are not complex, and such issues can be decided based on the record before this Court.

### III. <u>Conclusion</u>

For the above stated reasons, defendant's motion for writ of error coram nobis, motion to appoint counsel, and motion for an evidentiary hearing (ECF No. 204) are all DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant by certified mail, to counsel of record herein and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

DATED:     September 25, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE